IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LOUIS DAVID BROWN**   **PLAINTIFF**

v.   No. 4:13CV254-NBB-JMV

**MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.**   **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court, *sua sponte*, for consideration of dismissal for failure to exhaust administrative remedies. In his *pro se* prisoner complaint, plaintiff Louis David Brown challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to exhaust administrative remedies.

### Exhaustion of Administrative Remedies

Although exhaustion of administrative remedies is an affirmative defense, normally to be pled by a defendant, the court may dismiss a *pro se* prisoner case if failure to exhaust is apparent on the face of the complaint. *Carbe v. Lappin*, 492 F.3d 325 (5th Cir. 2007). The Prison Litigation Reform Act states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The administrative remedy program ("ARP") in place at the Mississippi Department of Corrections ("MDOC") facilities has been approved by this court in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. 1971) (order dated February 15, 1994). A district court may dismiss a

lawsuit if the plaintiff fails to complete the ARP. *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1809, 143 L. Ed. 2d 1012 (1999) (quoting *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir. 1987)). While the exhaustion requirement is not jurisdictional, *id.* at 293-95, "[a]bsent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies must be exhausted *before the filing of suit* should be imposed." *Wendell v. Asher,* 162 F.3d 877, 890-91 (5th Cir. 1998) (emphasis added); *Smith v. Stubble field*, 30 F.Supp. 2d 1168, 1170 (E.D. Mo. 1998). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell,* 162 F.3d at 981 (citations omitted).

In this case, the plaintiff filed suit on December 20, 2013; however, he did not complete the Administrative Remedy Program process until June 24, 2014. As he did not complete the Administrative Remedy Program process *before* filing suit, under *Wendell, supra*, the instant case must be dismissed for failure to exhaust administrative remedies, but without prejudice to the plaintiff's ability to file a second suit based upon the events in the case now that he has fully exhausted the grievance process. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED** this, the 18th day of February, 2015.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE